UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LILLY GAUFF** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 07-7128** |
| **ALLSTATE INDEMNITY COMPANY** | * | **SECTION "L" (1)** |

## ORDER & REASONS

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 8).  For the following reasons, the Plaintiff's motion is DENIED.

**I.   BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiff's home, which suffered damage as a result of Hurricane Katrina.  The Defendant in this case is Allstate Indemnity Company ("Allstate"), the Plaintiff's homeowner's insurance carrier.  The Plaintiff's policy has coverage limits of $63,000 for dwelling, $6,300 for other structures, and $44,100 for contents.  The policy also provides coverage for up to twelve months of additional living expenses.

In August of 2007, the Plaintiff filed the present action in the Civil District Court for the Parish of Orleans, State of Louisiana.  The Plaintiff alleges that she is entitled to payment from Allstate for damages and losses to the property, in addition to bad-faith penalties under Louisiana law and damages for pain and anguish.  The Plaintiff's petition contains no stipulation limiting the amount in controversy.

1

Allstate removed this case to federal court on October 22, 2007, contending that this Court has diversity jurisdiction under 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000.  On February 28, 2008, the Plaintiff filed the instant motion to remand, arguing that Allstate has failed to demonstrate that the amount in controversy exceeds $75,000.

## II.     LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Allstate contends that this Court has diversity jurisdiction over this case because complete diversity exists between the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  The Plaintiff does not dispute that diversity of citizenship exists, however, she argues that the amount-in-controversy requirement is not satisfied in this case.

The uncertainty regarding the amount in controversy arises in this case because "Louisiana prohibits plaintiffs from claiming a specific dollar amount of damages."  *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003).  In this Circuit, "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy" is sufficient to meet the statutory requirements.  *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).  The defendant satisfies

its burden by either (1) "demonstrating that it is 'facially apparent' that the claims are likely above $75,000," or (2) "setting forth facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support the finding of the requisite amount." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citation omitted).

"Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him." *Davis v. State Farm Fire & Cas.*, Nos. 06-560, et al., 2006 WL 1581272, at *2 (E.D. La. June 7, 2006). In this case, the Plaintiff has not made such a binding stipulation in her petition and the Court finds that Allstate has demonstrated that the amount in controversy exceeds $75,000. Accordingly, the Court finds that diversity jurisdiction exists in this case.

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Remand (Rec. Doc. 8) is DENIED.

New Orleans, Louisiana, this  2nd  day of April, 2008.

  _____
    UNITED STATES DISTRICT JUDGE